IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01569-BNB

DONALD RAY NICHOLS,

    Applicant,

v.

WARDEN WILEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Donald Ray Nichols, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Administrative Maximum Federal Prison (ADX) in Florence, Colorado. Mr. Nichols initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He filed an Amended Application on August 3, 2009. He has paid the $5.00 filing fee for a habeas corpus action.

On August 10, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On August 31, 2009, Respondent filed a preliminary response. After receiving an extension of time, Applicant filed a reply on October 2, 2009.

The Court must construe Mr. Nichols' filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Mr. Nichols contends that he entered into a plea agreement that provided for his placement in the state penal system, and guaranteed that he would not be returned to federal prison or federal custody in the absence of a disciplinary infraction. Amended Application at 2-3. Mr. Nichols alleges that on November 6, 2008, the BOP breached the plea agreement by revoking his state placement and transferring him to ADX, even though he had not committed any disciplinary infractions. *Id.* at 4. Accordingly, Mr. Nichols asserts that the BOP has breached a "material term" of the plea agreement, and requests that the Court "fashion a remedy" to provide him relief, presumably his return to the state penal system. *Id.* at 8-11.

Respondent argues that Mr. Nichols has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Nichols filed two administrative remedy requests in regard to this issue on July 30, 2009, but that the remedies were rejected as untimely and because they were not submitted to an authorized BOP employee. Response at 3. Respondent asserts that Mr. Nichols did not pursue these administrative remedies further. *Id.* Mr. Nichols appears to acknowledge, and the record confirms, that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th

2

Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Nichols. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Nichols contends that exhaustion is futile because "only the Court can remedy a material breach of a term in the Applicant's pleas agreement." Amended Application at 2. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished decision). Mr. Nichols fails to convince the Court that exhaustion of administrative remedies would be futile. Because Mr. Nichols has not completed the process of exhausting BOP

administrative remedies, he cannot know whether his efforts to exhaust would be futile. The application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the amended application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09-cv-01569-BNB

Donald Ray Nichols
Reg No. 12966-018
ADX -- Florence
PO Box 8500
Florence, CO 81226


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/4/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk